## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF PENNSYLVANIA

SHAWANNA WRIGHT          :
703 14th St.                :
New Brighton, PA 15066     :     **CIVIL ACTION**
                              :
       Plaintiff,            :     **DOCKET NO.:**
   v.                            :
                              :
PROVIDENCE CARE CENTER, LLC   :     **JURY TRIAL DEMANDED**
900 Third Ave.              :
P.O. Box 140                :
Beaver Falls, PA 15010     :
        and               :
BEAVER VALLEY ASSOCIATES, LLC   :
d/b/a PROVIDENCE         :
CARE CENTER           :
900 Third Ave.            :
P.O. Box 140               :
Beaver Falls, PA 15010     :
                              :
       Defendants.         :

## CIVIL ACTION COMPLAINT

Shawanna Wright (*hereinafter* referred to as "Plaintiff," unless indicated otherwise), by and through her undersigned counsel, hereby avers as follows:

## INTRODUCTION

1.     This action has been initiated by Plaintiff against Providence Care Center, LLC and Beaver Valley Care Associates d/b/a Providence Care Center (*hereinafter* collectively referred to as "Defendants") for violations of the Americans with Disabilities Act, as amended ("ADA" - 42 USC §§ 12101 *et. seq.*), the Family and Medical Leave Act ("FMLA - 29 U.S.C. §2601 *et. seq.*), Section 1981 of the Civil Rights Act of 1866 ("Section 1981" - 42 U.S.C. § 1981), Title VII of the Civil Rights Act of 1964, as amended ("Title VII" – 42 U.S.C.S §§ 2000a *et. seq.*), and the Pennsylvania Human Relations Act ("PHRA"). Plaintiff asserts, *inter alia,* that

she was unlawfully terminated from Defendants. As a direct consequence of Defendants' unlawful actions, Plaintiff seeks damages as set forth herein.

## JURISDICTION AND VENUE

2.      This Court has original subject matter jurisdiction over the instant action pursuant to 28 U.S.C. §§1331 and 1343(a)(4) because it arises under laws of the United States and seeks redress for violations of civil rights under the FMLA, the ADA, Title VII, and 42 U.S.C. § 1981. There lies supplemental jurisdiction over Plaintiff's state-law claims because they arise out of the same common nucleus of operative facts as Plaintiff's federal claims asserted herein.

3.      This Court may properly maintain personal jurisdiction over Defendants because Defendants' contacts with this state and this judicial district are sufficient for the exercise of jurisdiction in order to comply with traditional notions of fair play and substantial justice, satisfying the standard set forth by the United States Supreme Court in International Shoe Co. v. Washington, 326 U.S. 310 (1945) and its progeny.

4.      Pursuant to 28 U.S.C. §1391(b)(1) and (b)(2), venue is properly laid in this district because all of the acts and/or omissions giving rise to the claims set forth herein occurred in this judicial district.

5.      Plaintiff filed a Charge of discrimination and retaliation with the Equal Employment Opportunity Commission ("EEOC") and also dual-filed said charge with the Pennsylvania Human Relations Commission ("PHRC").

6.      Plaintiff has properly exhausted her administrative proceedings (under Title VII and the ADA) before initiating this action by timely filing her Charge of Discrimination with the EEOC and by filing the instant lawsuit within 90 days of receiving a right-to-sue letter from the EEOC.

7.     Plaintiff has also properly exhausted her administrative proceedings (under the PHRA) before initiating this action by timely dual-filing her EEOC Charge of Discrimination with the PHRC and by filing the instant lawsuit within two (2) years of receiving a case closure letter from the PHRC.

## PARTIES

8.     The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

9.     Plaintiff is an adult individual, with an address as set forth in the caption.

10.     Defendant Providence Care Center, LLC is a rehabilitation facility and a 180-bed skilled nursing center located at the above caption address.

11.     Defendant Beaver Valley Associates, LLC is, upon information and belief, a limited liability company that owns and/or operates Providence Care Center, LLC – the facility at which Plaintiff worked.

12.     Upon information and belief, because of their interrelation of operations, common ownership or management, centralized control of labor relations, common ownership or financial controls, and other factors, Defendants are sufficiently interrelated and integrated in their activities, labor relations, ownership and management that they may be treated as a single and/or joint employer for purposes of the instant action.

13.     At all times relevant herein, Defendants acted by and through their agents, servants and employees, each of whom acted at all times relevant herein in the course and scope of their employment with and for Defendants.

3

## FACTUAL BACKGROUND

14.     The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

15.     Plaintiff is an African-American (black) female.

16.     Plaintiff was employed with Defendants for approximately 13 years as an LPN.

17.     While employed with Defendants, Plaintiff was a dedicated and hard-working employee who performed her job well.

18.     Plaintiff has and continues to suffer from various disabilities, including but not limited to allergic asthma, which has required her to take medication over the last few years. As a consequence of having certain allergies, Plaintiff has developed a condition known as Oral Allergy Syndrome, which causes her asthma to worsen when she eats or smells certain fruits and vegetables.

19.     Plaintiff is also allergic to latex and as a result she has also developed Oral Allergy Syndrome to chestnuts, bananas, avocado, kiwi, papaya, and oranges.

20.     In addition to her aforesaid health conditions, Plaintiff also suffers from migraines, depression, and anxiety.

21.     As a result of Plaintiff's aforesaid health conditions, she is (at times) limited in her ability to eat, sleep, breath, and work.

22.     Plaintiff's aforesaid health conditions and limitations, at times, required her to request reasonable accommodations.

23.     For example, during her employment with Defendants, Plaintiff requested intermittent and block medical leave (FMLA-qualifying leave), with her last request for block

medical leave commencing in or about March of 2016 and ending in or about July of 2016 (discussed further *infra*).

24.     While employed with Defendants, Plaintiff was subjected to discriminatory and retaliatory treatment because of her race, actual/perceived disabilities, and/or her requests for reasonable accommodations.

25.     For example, unlike Plaintiff's non-disabled and/or non-black co-workers, Defendants' management, including but not limited to Bobbye Lutz (RN Supervisor), a Caucasian female, treated Plaintiff in a rude and condescending manner, spoke to her abruptly, selectively enforced policies against her, made her assist on another unit - which was known to be dysfunctional and unorganized, and issued her pretextual discipline.

26.     By way of further example, in or about July of 2015, Plaintiff requested that raw bananas not be served to patients when she was in attendance because of her aforesaid Oral Allergy Syndrome. Rather than engage in the interactive process with her after requesting said reasonable accommodation, Plaintiff was met with hostility and animosity by Defendants' management, including but not limited to Ms. Lutz, who made derogatory comments about her health conditions and need for accommodations.

27.     Furthermore, Plaintiff's aforesaid request for accommodation (discussed in Paragraph 26 of this Complaint) was never granted – despite the fact that such request remained in effect through the time of her termination.

28.     On or about July 24, 2015, shortly after Ms. Lutz made derogatory comments about Plaintiff's aforesaid health conditions and need for accommodations (discussed *supra*), Plaintiff was called into the office by Ms. Lutz and told that she was being involuntarily moved to a different unit (after being on the same unit for approximately 8 years) - such unit which was

known to be very unorganized. When Plaintiff questioned why she was being moved to a different unit, Ms. Lutz simply responded "change is good."

29.     Plaintiff was selectively picked to be moved to a different and less desirable unit, even through her white, non-disabled co-workers were more than capable of also transferring.

30.     Upon information and belief, once Plaintiff was transferred, she was replaced with a Caucasian LPN.

31.     On or about July 30, 2015, shortly after the above-described discriminatory and retaliatory actions, Plaintiff filed a Charge of Discrimination with the EEOC asserting claims for violations under the ADA (for disability discrimination) and Title VII (for racial discrimination).

32.     Upon information and belief, Plaintiff's concerns regarding discrimination and retaliation under the ADA and Title VII were never properly investigated and resolved in any meaningful manner, and Plaintiff continued to be subjected to increased hostility and animosity by Defendants' management, including but not limited to Ms. Lutz.

33.     For example, Plaintiff was accused of intimidating another co-worker into taking certain pulls; however, this is completely false and inaccurate and was simply a fabricated reason used by Defendants' management to try and continue to justify their discriminatory and retaliatory decision to arbitrarily transfer Plaintiff to a different unit.

34.     In or about March of 2016, Plaintiff requested and commenced a medical leave of absence for some of her aforesaid health conditions (an FMLA-qualifying leave).

35.     When Plaintiff attempted to return to work from her aforesaid medical leave, Ms. Lutz encouraged her to go on disability and not work. Ms. Lutz further informed Plaintiff that she would need to return to work without any restrictions or she would be terminated from her employment.

36.     Plaintiff returned to work on or about July 11, 2016 without any restrictions; however, upon her return, the discriminatory and retaliatory treatment of Plaintiff resurfaced and Plaintiff was ultimately terminated by Ms. Lutz in or about September of 2016 for allegedly getting into an altercation with another employee.

37.     Defendants' reasoning for terminating Plaintiff is completely pretextual and Plaintiff avers that she was really terminated because of her race, actual/perceived/record of disabilities, in retaliation for requesting reasonable accommodations, and/or in retaliation for engaging in protected activity by complaining of disability and race discrimination occurring within her workplace.

## Count I
## Violations of the Americans with Disabilities Act, as Amended ("ADAAA")
([1] Actual/Perceived/Record of Disability Discrimination; [2] Retaliation;
[3] Hostile Work Environment; Failure to Accommodate)
-Against Both Defendants-

38.     The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

39.     Plaintiff suffered from qualifying health conditions under the ADA (as amended) which affected her ability (at times) to perform some daily life activities, as described *supra*.

40.     Plaintiff requested reasonable accommodations from Defendants, including but not limited to block and intermittent time off from work to care for and treat for her health conditions and to not have raw fruit (including bananas) served to patients while she was in attendance.

41.     Defendants refused to engage in the interactive process with Plaintiff and refused to accommodate her request not to have raw fruit (including bananas) served to patients while she was in attendance.

42.     Plaintiff was treated with hostility and animosity by Defendants' management because of her aforesaid health conditions and/or need for reasonable accommodations through pretextual discipline, disparate treatment, involuntarily transferring her to a different unit, and making derogatory remarks about her aforesaid disabilities and need for accommodations.

43.     Plaintiff filed a Charge of Discrimination with the EEOC asserting claims for violations under the ADA (disability discrimination); however, Defendants' management still failed to conduct any meaningful investigation into her complaints and did not properly resolve her concerns.

44.     Instead, Plaintiff was subjected to further hostility and animosity and eventually terminated from her employment with Defendants for completely pretextual reasons.

45.     Plaintiff believes and therefore avers that Defendants discriminated against Plaintiff by subjecting her to a hostile work environment and ultimately terminating her employment because: (1) of her known and/or perceived health problems; (2) her record of impairment; (3) her requested accommodations; and/or (4) her complaints of discrimination.

46.     These actions as aforesaid constitute violations of the ADAAA.

**Count II**
**Violations of the Pennsylvania Human Relations Act ("PHRA")**
**([1] Actual/Perceived/Record of Disability Discrimination; [2] Retaliation; [3] Hostile Work Environment)**
**-Against Both Defendants-**

47.     The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

48.     Plaintiff re-asserts and re-alleges each and every allegation as set forth in Count I of the instant Civil Action Complaint, as such actions constitute identical violations of the Pennsylvania Human Relations Act.

**Count III**
**Violations of the Family and Medical Leave Act ("FMLA")**
**(Interference and Retaliation)**
**-Against Both Defendants-**

49.    The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

50.    Plaintiff was an eligible employee under the definitional terms of the FMLA, 29 U.S.C. § 2611(a)(i)(ii).

51.    Plaintiff requested leave from Defendants, her employers, with whom she had been employed for at least twelve months pursuant to the requirements of 29 U.S.C.A § 2611(2)(i).

52.    Plaintiff had at least 1,250 hours of service with the Defendants during the year prior to her requests for FMLA-qualifying leave.

53.    Defendants are engaged in an industry affecting commerce and employs fifty (50) or more employees for each working day during each of the twenty (20) or more calendar work weeks in the current or proceeding calendar year, pursuant to 29 U.S.C.A § 2611(4)(A)(i).

54.    Plaintiff was entitled to receive leave pursuant to 29 U.S.C.A § 2612 (a)(1) for a total of twelve (12) work weeks of leave on a block or intermittent basis.

55.    Defendants committed interference and retaliation violations of the FMLA by: (1) involuntarily transferring and ultimately terminating Plaintiff for requesting and/or exercising her FMLA rights and/or for taking FMLA-qualifying leave; (2) by considering Plaintiff's FMLA leave needs in making the decision to involuntarily transfer and/or terminate her; (3) involuntarily transferring and/or terminating Plaintiff to prevent her from taking further FMLA-qualifying leave in the future.

56.    These actions as aforesaid constitute violations of the FMLA.

**Count IV**
**Violation of 42 U.S.C. Section 1981**
**([1] Racial Discrimination; [2] Retaliation; [3] Hostile Work Environment)**
**- Against Both Defendants -**

57.    The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

58.    Upon information and belief, Plaintiff was terminated from Defendants because of her race and/or because she complained of racial discrimination.

59.    Plaintiff was treated with hostility and animosity by Defendants' management because of her race and/or complaints of race discrimination through pretextual discipline, disparate treatment, involuntarily transferring her to a different unit, and making derogatory remarks about her aforesaid disabilities and need for accommodations.

60.    Plaintiff filed a Charge of Discrimination with the EEOC asserting claims of race discrimination against Defendants; however, Defendants' management still failed to conduct any meaningful investigation into her complaints and did not properly resolve her concerns.

61.    Instead, Plaintiff was subjected to further hostility and animosity and eventually terminated from her employment with Defendants for completely pretextual reasons.

62.    Plaintiff believes and therefore avers that Defendants discriminated against Plaintiff by subjecting her to a hostile work environment, issuing her pretextual discipline, involuntarily transferring her to a different unit, and ultimately terminating her employment because of her race and/or complaints of race discrimination.

63.    These actions as aforesaid constitute violations of 42 U.S.C. Section 1981.

**Count V**
**Violation of Title VII of the Civil Rights Act of 1964 ("Title VII")**
**([1] Racial Discrimination; [2] Retaliation; [3] Hostile Work Environment)**
**- Against Both Defendants -**

64.    The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

65.    Plaintiff properly exhausted her administrative remedies before proceeding in this Court for violations of Title VII by timely filing a Charge with the Equal Employment Opportunity Commission ("EEOC") and by filing the instant Complaint within 90 days of receiving a notice of case closure and/or right-to-sue letter.

66.    Upon information and belief, Plaintiff was subjected to a hostile work environment and ultimately terminated from Defendants because of her race and/or because she complained of race discrimination.

67.    These actions as aforesaid constitute violations of Title VII.

**Count VI**
**Violations of the Pennsylvania Human Relations Act ("PHRA")**
**([1] Race Discrimination; [2] Retaliation; [3] Hostile Work Environment)**
**-Against Both Defendants-**

68.    The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

69.    Plaintiff re-asserts and re-alleges each and every allegation as set forth in Count V of the instant Civil Action Complaint, as such actions constitute identical violations of the Pennsylvania Human Relations Act.

**WHEREFORE**, Plaintiff prays that this Court enter an Order providing that:

A.     Defendants are to be prohibited from continuing to maintain their illegal policy, practice or custom of discriminating/retaliating against employees and are to be ordered to promulgate an effective policy against such unlawful acts and to adhere thereto;

B.     Defendants are to compensate Plaintiff, reimburse Plaintiff and make Plaintiff whole for any and all pay and benefits Plaintiff would have received had it not been for Defendants' illegal actions, including but not limited to past lost earnings, future lost earnings, salary, pay increases, bonuses, medical and other benefits, training, promotions, pension, and seniority. Plaintiff should be accorded those benefits illegally withheld from the date she first suffered retaliation/discrimination at the hands of Defendants until the date of verdict;

C.     Plaintiff is to be awarded liquidated and/or punitive damages, as permitted by applicable law(s) alleged asserted herein, in an amount believed by the Court or trier of fact to be appropriate to punish Defendants for their willful, deliberate, malicious and outrageous conduct and to deter Defendants or other employers from engaging in such misconduct in the future;

D.     Plaintiff is to be accorded any and all other equitable and legal relief as the Court deems just, proper and appropriate including for emotional distress;

E.     Plaintiff is to be awarded the costs and expenses of this action and reasonable legal fees as provided by applicable federal and state law;

F.     Any verdict in favor of Plaintiff is to be molded by the Court to maximize the financial recovery available to Plaintiff in light of the caps on certain damages set forth in applicable federal law; and

G.      Plaintiff's claims are to receive a trial by jury to the extent allowed by applicable

law.  Plaintiff has also endorsed this demand on the caption of this Complaint in accordance with

Federal Rule of Civil Procedure 38(b).


                                    Respectfully submitted,

                                    **KARPF, KARPF & CERUTTI, P.C.**

                         By:        _____
                                    Ari R. Karpf, Esq.
                                    3331 Street Road
                                    Two Greenwood Square
                                    Building 2, Ste. 128
                                    Bensalem, PA 19020
                                    (215) 639-0801

Dated: June 6, 2017